JOSÉ DEL CARMEN DE JESÚS ET AL., Plaintiffs and Appellants, v. MANUEL COLÓN ET UX., Defendants and Appellees.

No. 7001. Argued April 23, 1936.—Decided April 28, 1937.

Luis Mercader for appellants. V. Polanco de Jesús for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This appeal concerns an action brought to effect the nullity of a summary mortgage foreclosure proceeding. It transpires that on the 8th of December 1928, the complainants executed a mortgage in favor of Manuel Colón and his wife, to secure the payment of a debt in the sum of $4,080.21. The maturity of the mortgage was fixed at 15 years with interest at 6 per cent per annum to be reckoned from the 1st of November 1930. The mortgage contained two accelerating clauses for its immediate maturity. The first of them was to take effect if the debtors failed to pay one year's interest; the second, if the debtors failed to keep up and cultivate the mortgaged farm properly. The mortgage was foreclosed for failure to comply with either of the above conditions.

The complaint before us alleged that the averments in the foreclosure proceeding of nonpayment of a year's interest and of the plaintiffs' failure to take proper care of the land, were false and malicious. The plaintiffs also alleged the failure of the record to show the publication of edicts as a cause for nullity. The other count of the complaint set up an unjustified entry with consequent damages to the plaintiffs. The answer was a traverse and the defendants also filed a cross complaint for principal and interest and other expenses incurred in the upkeep of the property including taxes paid. After a trial on the facts, the court dismissed the action of nullity.

The trial court found that there was a substantial default on the first year's interest payment; that the debtors did

not properly cultivate or take care of the property according to the agreement and understanding of the parties; and that the failure of the record, in the foreclosure proceeding, to show affirmatively the requisite publication of edicts was subsequently cured by testimony and affidavits which convinced it of their actual publication.

The plaintiffs in the present action attempted to prove that no interest was due and unpaid at the time of the foreclosure of the mortgage. They tried to show that the interest for the first year, which amounted to $244.81, had been satisfied, as to $112 thereof, by the delivery to the mortgage creditor of certain coffee and his written acknowledgment that only $133.60 of the interest was unpaid. As to that balance, they maintained that it was satisfied by virtue of the fact that the mortgage creditor, Colón, so they claimed, had acted as surety to one of the debtors' sons for the lease of the mortgaged property and was thereby owing them $150, which amount more than covered the balance mentioned.

The appellants have assigned five errors. The first three have to do with the findings of the lower court with regard to (a) the failure of the appellants to pay the first year's interest, (b) their failure to properly cultivate and keep up the farm, and (c) the fact that the property was sold by the marshal without there existing in the record sworn affidavits to prove that edicts had been published.

The last two errors are directed at the weighing of the evidence and at the court's failure to award costs against the appellees.

█ With regard to the first assignment, we think the court committed no error in giving more weight to the evidence presented by the defendants in the lower court. Considering the testimony as a whole, it rather tends to show that what the appellees agreed was to help the appellants' son, their own son-in-law, but the court was justified in finding that Colón did not actually guarantee any definite amount of the rental to the mortgage debtors, or indeed that he had

anything like a suretyship relation in mind. The evidence is clear that the mortgagees accepted $32 worth of coffee for $112 of the rental. This is entirely consistent with the testimony of the appellees' son-in-law to the effect that they informally agreed to help him out in his lease of the property from his father. The obligation of a surety should be clearly established and we agree with the lower court that this was not done in the present case.

Although we are inclined to consider the discussion of the second error unimportant after arriving at the conclusion that the mortgage could be foreclosed for the default of part of the first year's interest payment, yet, we agree with the lower court that the appellants failed to comply with the other accelerating clause of the mortgage. The performance of a condition to properly cultivate and keep up a farm is largely a relative proposition. We do not feel that the lower court committed any error in arriving at the conclusion that such a condition had been broken.

As to edicts, what is important is their actual publication, and any clerical omission or inadvertence as to having the *fact* of the publication appear from the record may be cured subsequently at any time, by conclusive evidence to that effect. In the case before us, the record in the foreclosure proceeding shows a declaration by the editor of "La Democracia," a local newspaper, to the effect that edicts were properly published. This declaration, however, was not sworn. Subsequently, a duly sworn affidavit containing the same declaration was supplied. We are of the opinion that this was enough to cure the original omission. In the deed from the marshal to the mortgagees it is likewise expressed that the edicts were published.

From the foregoing discussion it becomes unnecessary to consider the error as to the question of costs.

We find the lower court committed no manifest error in the weighing of the evidence and that the judgment appealed from should be affirmed.